E-FILED
Tuesday, 10 November, 2026 03:28:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VENNIS MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 26-cv-1161-CRL |
| | ) | |
| | ) | |
| SERGEANT MATSKO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

Plaintiff Vennis McCall is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Danville Correctional Center. However, the factual allegations that form the basis for Plaintiff's Complaint occurred when Plaintiff was incarcerated at the IDOC's Pontiac Correctional Center ("Pontiac").

The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In his Complaint, Plaintiff attempts to state three claims against the named Defendants. However, Plaintiff's Complaint states only one claim upon which relief can be granted.

Plaintiff alleges that, in January 2024, he weighed over three hundred (300) pounds, and he alleged that he had severe arthritis in his foot. Based upon his medical condition, a doctor at Pontiac issued a low bunk permit to Plaintiff because Plaintiff was experiencing pain and difficulty when he attempted to climb onto the top bunk in his cell.

At that time, Plaintiff had a cellmate who was using the lower bunk in their shared cell. Based upon his low bunk permit, Plaintiff asked his cellmate to change bunks with him. Plaintiff's cellmate refused, and Plaintiff's cellmate threated him with physical violence if he raised the issue again or if Plaintiff caused the cellmate to change bunks or cells.

After Plaintiff's cellmate refused to change bunks and after his cellmate threatened him, Plaintiff asked Defendants Sergeant Matsko and Sergeant Marek to transfer him to a different cell. Plaintiff also showed his low bunk permit to Sgts. Matsko and Marek, but neither took any action to assist Plaintiff or to relocate Plaintiff to a different cell so that he could use the low bunk permit that the doctor had issued to him.

On February 3, 2024, Plaintiff showed his low bunk permit to Correctional Officer Boguszewski, told C/O Boguszewski about his cellmate's refusal to switch bunks with him, asked C/O Boguszewski to assign him to a different cell, and asked C/O Boguszewski to give a letter that Plaintiff had written to Lieutenant Doolin that contained all of this information and that asked Lt. Doolin for help with the situation. In response, neither C/O Boguszewski nor Lt. Doolin offered any assistance to Plaintiff. Instead, according to C/O Boguszewski, Lt. Doolin told Plaintiff that he needed to "work it out" with his cellmate.

Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference claim against Defendants Sgt. Matsko, Sgt. Marek, C/O Boguszewski, and Lt. Doolin.

However, Plaintiff's allegations are insufficient to state a failure to protect claim in violation of his Eighth Amendment rights. According to Plaintiff, he refused to be housed in his former cell with his former cellmate because his cellmate refused to give up the lower bunk to Plaintiff and because his cellmate had threatened him. Plaintiff told various correctional officer and internal affairs officers (whom he names as Defendants) at Pontiac that he was refusing housing and the basis for his refusal.[1] Rather than help him, Plaintiff claims that these correctional officers and internal affairs officers attempted to assign Plaintiff to be housed to a cell with another inmate with whom he had previous problems and who was also refusing to give the lower bunk to

[1] Plaintiff also alleges that his former cellmate is associated with a gang and that those gang members had also made threats against him.

Plaintiff. Based upon these refusals, the correctional officers and internal affairs officers issued a disciplinary ticket against Plaintiff for refusing housing. The Adjustment Committee found Plaintiff guilty on that charge and sentenced him to thirty (30) days in segregated housing.[2]

A prison official who fails to protect a prisoner from violence perpetrated by other prisoners may be liable under the Eighth Amendment – but only where the plaintiff shows the official was aware of a specific, impending, and substantial threat to his safety, and was deliberately indifferent to the danger of serious harm. *Farmer v. Brennan*, 511 U.S. 834 (1994); *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). The same standard may be applied to violence inflicted by a prison guard. Failure to intervene when another officer abuses a prisoner can be the basis for a constitutional violation under the Eighth Amendment. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Here, Plaintiff's Complaint fails to state a failure to protect claim under the Eighth Amendment because Plaintiff has not alleged that he suffered any physical

[2] To the extent that he is attempting to state a claim for failure to investigate his complaints or his grievances, Plaintiff's purported claim fails because a prisoner has no constitutional right to an investigation of their grievances or complaints. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Watson v. Dodd*, 2017 WL 120951, * 6 (S.D. Ill. Jan. 12, 2017).

injury from which the named Defendants should have protected him. Instead, Plaintiff merely alleges that he felt threatened. But "prisons are dangerous places." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). As a result, the text of the Prison Litigation Reform Act provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e).

Courts that have considered this issue have found that a prisoner cannot maintain a claim for compensatory damages based upon a claim that an officer failed to protect the prisoner as required by the Eighth Amendment unless the prisoner suffered some physical harm of which the defendant officer was aware and could have prevented. *E.g.*, *Mayfield v. Texas Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (holding that the prisoner's First Amendment claims for compensatory damages were barred by the PLRA because he did not suffer physical injury); *Gilmore v. Rivera*, 2014 WL 1998227, * 7 (S.D.N.Y. May 14, 2014) (collecting cases and finding that the PLRA barred claims for "severe apprehension" of contracting other illnesses without a physical injury); *Vasquez v. County of Rockland*, 2020 WL 883514, * 8 n. 13 (S.D.N.Y Feb. 24, 2000) (finding that plaintiff could not recover under Section 1983 for emotional injuries); *Jefferson v. Core Civic*, 2021 WL 5140847, at * 2, 4–5 (M.D. Tenn. Nov. 4, 2021) (holding that a prisoner seeking damages to compensate him for mental and emotional injuries from an alleged Eighth Amendment violation was barred from recovery absent pleading a physical injury, and claim for injunctive relief was not sufficiently

supported).[3] Plaintiff not alleged that he was ever physical attacked or that he suffered any physical injury that would support his failure to protect claim. Therefore, Plaintiff's Complaint fails to state such a claim.

Finally, Plaintiff's Complaint fails to state a claim for a violation of his First Amendment rights because he was allegedly denied access to the courts. In his Complaint, Plaintiff attempts to state a First Amendment claim against Lt. Torrez, Major Brown, Property Officer Heather Warren, and C/O Derrick Caudle for losing his legal paperwork. Plaintiff alleges that the loss of his legal paperwork made it impossible for him to pursue his petition for post-conviction relief in state court. Plaintiff argues that his petition was meritorious but was unsuccessful because these Defendants lost his legal paperwork.

In order to prove a claim for denial of access to the courts in violation of an inmate's First Amendment rights, the plaintiff/inmate must designate evidence identifying "(1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022) (citations omitted). The United States Court of Appeals for the Seventh Circuit has also articulated "a two-part test for access-to-court claims. 'First, the prisoner must prove that prison officials failed to assist in the preparation and filing of

[3] Plaintiff is no longer housed at Pontic, and therefore, injunctive relief is not available to him. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

meaningful legal papers. . . . Second, he must show some quantum of detriment caused by the challenged conduct of state officials.'" *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995)). Moreover, "[t]o establish an access-to-the-courts violation, [the plaintiff] must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions." *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) and *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring)).

Here, Plaintiff alleges that the named Defendants lost his legal paperwork that he needed to pursue properly his post-conviction petition for relief. Plaintiff has not alleged that these Defendants took any intentional actions that caused him to lose his petition because losing the documents is different than intentionally destroying the documents or refusing to return the documents to him, both of which would be examples of an intentional actions sufficient to support a First Amendment claim for the denial of access to the courts. Losing a prisoner's paperwork is not, and Plaintiff is bound by the allegations contained within his Complaint despite his *pro se* status. *See Wallace v. Powers*, 2009 WL 4015558, * 1 (S.D. Ill. Nov. 19, 2009) (holding that, "when dealing with *pro se* complaints filed by prisoners, the Court is not bound, as it usually is, to accept without question the truth of Plaintiff's factual allegations. Instead, the Court has the "unusual power to pierce the veil of the complaint's factual allegations," and determine whether the facts alleged are irrational or wholly incredible "whether or not there are judicially noticeable facts to rebut them.") (internal citations and quotations

omitted). Accordingly, Plaintiff's Complaint fails to state a claim for a violation of his First Amendment rights for the alleged denial of his right to access the courts.

**Accordingly**,

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants Sgt. Matsko, Sgt. Marek, C/O Boguszewski, and Lt. Doolin for violating allegedly his Eighth Amendment rights by acting with deliberate indifference towards his serious medical needs. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to dismiss all other named Defendants because Plaintiff's Complaint fails to state a claim against those Defendants upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

3. The Clerk of the Court is further directed to attempt to effect service of process on Defendants Sgt. Matsko, Sgt. Marek, C/O Boguszewski, and Lt. Doolin pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to

mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition at his place of confinement.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. In light of this Order, Plaintiff's second motion for status (Doc. 11) is DENIED AS MOOT.

Entered this 10th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE